UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SMITH & NEPHEW, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C 2527 |
| v. ) | |
| ) | Honorable Charles R. Norgle |
| JEFFREY ANDREWS and ) | |
| NANCY ANDREWS, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7) and the Colorado River Abstention Doctrine. In the alternative, Defendants move this court to grant a stay. For the following reasons, the Motion to Dismiss is granted, and the Motion for a Stay is denied.

## I. BACKGROUND

### A. Facts

This case arises out of the surgical implantation of an artificial knee device manufactured by Plaintiff Smith & Nephew, Inc.[1] (Smith & Nephew). On October 8, 2002, Jeffrey Andrews underwent knee replacement surgery at St. Joseph Hospital in Joliet, Illinois. Dr. Mukund Komanduri ("Komanduri"), an employee of The Joliet Medical Group, performed the surgical procedure and implanted a Smith & Nephew Macrotextured Knee Implant. Neubauer-Perkins, Inc., an Illinois Corporation, sold and distributed the implant device. In August of 2004, Mr. Andrews was advised that the knee implant device would need replacement. On August 24,

---

[1] Smith & Nephew is a Delaware Corporation with its principal place of business in the State of Tennessee.

1

2004, the Andrews and Smith & Nephew executed a Settlement Agreement and a General Release. The Andrews did not retain legal counsel to review the agreement. While the parties to this action dispute the reasons for the revision surgery, Mr. Andrews nevertheless underwent the second surgery on September 7, 2004.

On July 12, 2005, further complications required Mr. Andrews to undergo an additional surgery. Prior to this surgery, the parties executed a Second Settlement Agreement and General Release on May 24, 2005. Once again, the Andrews did not seek legal advice before signing the Release. After a dispute arose regarding the cost and expenses of the surgeries, Mr. Andrews retained legal counsel and the attorneys for both parties met on April 27, 2005 to discuss potential settlement. The attorneys again discussed the matter by telephone on May 3, 2006. During this conversation, counsel for Smith & Nephew informed the Andrews' attorney that further discussions would not be productive. Following up on this conversation, Smith & Nephew's attorney sent a notice by facsimile and U.S. Mail to inform opposing counsel that "the issue of enforceability of the releases must now be litigated."

**B. Procedural History**

On May 5, 2006, Smith & Nephew filed its Complaint for Declaratory Judgment in the United States District Court for the Northern District of Illinois, pursuant to Federal Rule of Civil Procedure 57 and Title 28 U.S.C. § 2201. That same day, the Andrews filed their Complaint in the Circuit Court of the Twelfth Judicial Circuit in Will County, Illinois against Smith & Nephew, Neubauer-Perkins, Dr. Komanduri, and The Joliet Medical Group. On May 15, 2006, the Andrews filed their Motion to Dismiss in this case, pursuant to Rules 12(b)(6) and 12(b)(7) and the Colorado River Abstention Doctrine. Smith & Nephew Responded on June 16, 2006 arguing that the standard in Brillhart v. Excess Ins., 316 U.S. 491 (1942) controls the

decision to abstain and not the Colorado River Doctrine. Defendants Replied on June 29, 2006 and agreed that Brillhart controls and addressed the application of Brillhart to this case.[2] Both parties, however, limited their analysis to the factors set forth by the Seventh Circuit in Nationwide Ins. v. Zavalis, 52 F.3d 689, 692 (7th Cir. 1995). Defendants' Motion to Dismiss is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Review

#### 1. *Rule 12(b)(6)*

When reviewing a motion to dismiss under Rule 12(b)(6), the court merely looks at the sufficiency of the complaint, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002); Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001); it does not decide whether the plaintiff has a winning claim. See McCormick v. City of Chicago, 230 F.3d 319, 323-26 (7th Cir. 2000). Thus, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts to support his claim which would entitle him to relief." Szumny v. Amer. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001). All well-pleaded facts are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. See, e.g., Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir 2004).

#### 2. *The Declaratory Judgment Act*

The Declaratory Judgment Act authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Even when jurisdictional prerequisites are satisfied, the

---

[2] Despite this initial error by the Defendant, the court will address the abstention issue under Brillhart. See Eagle Marine Industries v. Conagra Foods, Ins., 2006 WL 3253327 (S.D. Ill.) (applying Brillhart even though both parties erroneously argued under the Colorado River Doctrine); and West American Ins. Co. v. Mund, 2006 WL 3804886 (S.D. Ill.) (same).

3

district court is not compelled to declare the rights and relations of the parties. Brillhart, 316 U.S. at 494. The Act provides district courts with "wide discretion" in deciding whether to exercise its authority. Nationwide, 52 F.3d at 692. The discretionary standard of Brillhart governs a declaratory judgment action when a parallel suit is pending in state court and not the "exceptional circumstances" test set forth in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). Wilton v. Seven Falls, 515 U.S. 277, 286 (1995); Sta-Rite Industries v. Allstate Ins. Co., 96 F.3d 281, 287 (7th Cir. 1996).

### 3. Brillhart Abstention

In Brillhart, the Supreme Court set forth a series of factors for a district court to consider in determining whether to exercise jurisdiction over a declaratory judgment action when a parallel action is pending in state court. 316 U.S. at 495. These factors include the scope of the state proceeding, the nature of available defenses in the state proceeding, whether the claims of all parties in interest can be satisfactorily adjudicated in the state proceeding, whether the necessary parties have been joined, and whether such parties are amenable to process in the state proceeding. Id.

In addition to these factors, the Seventh Circuit has held that a federal court should also take into account whether "the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory judgment action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will result in duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum at another time." Nationwide, 52 F.3d at 692.

"The weight to be given any one factor is determined solely by the circumstances of the particular case – there is no mechanical formula by which to determine when stay is appropriate." Tyrer v. City of South Beloit, Ill., 456 F.3d 744, 754 (quoting Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 16 (1983)). With these principles in mind, we turn to Defendants' Motion to Dismiss.

## C. Application of the Nationwide Factors to Defendants' Motion to Dismiss

### 1. *The Question Presented is Not Distinct*

The Defendants argue that the federal action presents the identical question presented to the State Court. The Andrews claim that Smith & Nephew's declaratory judgment action rests on the validity of the Settlement Agreements, which essentially amounts to an affirmative defense. The Andrews argue that they raised the issue of the enforceability of the Releases in the State Court action and, therefore, both actions are identical. Smith & Nephew further allege that the questions are distinct because the Andrews have not directly raised this issue in State Court. Additionally, they argue that additional parties in the state court action are involved in other claims separate from the issue of the validity of the Releases.

Under these circumstances, the court finds that the questions presented in the state and federal actions are not distinct. While it is true that the Defendants did not directly raise the issue of enforceability of the Releases, the Andrews' claims of products liability, warranty, breach of fiduciary duty, and consumer fraud ultimately attack the validity of the Releases. Moreover, the Andrews did allege in State Court that Mr. Andrews did not consult with an attorney before signing either Release. The validity of the Releases is the lynchpin of both parties' arguments in both the State and Federal actions. As a result, the declaratory judgment

suit does not present a question distinct from the issues raised in the state court proceeding.

## 2. *The Parties to the Federal Case are Not Identical*

The Andrews further argue that the parties in both the state and federal actions are identical. Smith & Nephew rebut this allegation by stating that Neubauer-Perkins, Inc., Dr. Komanduri, and The Joliet Medical Group are not parties to the federal action. Indeed, none of these parties could be joined to this action, as complete diversity would be destroyed. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 377 (1978). Even so, both the Andrews and Smith & Nephew are parties to the State Court action. Furthermore, the Settlement Agreements purport to release not only Smith & Nephew, but also some of the additional parties joined to the state action. This is supported by the fact that Smith & Nephew filed an appearance in State Court on behalf of Dr. Komanduri and the Joliet Medical Group. Therefore, the court finds the parties to this action are not identical.

## 3. *The Federal Case is Duplicative*

The Defendants also contend that proceeding with this declaratory judgment action would create duplicitous proceedings for discovery because the same interrogatories, production requests, depositions will proceed twice under two different sets of rules. More importantly, any witness called in this action will likely testify in State Court, and likely be asked the same questions. Furthermore, the declaratory judgment action will require this court to engage in specific fact-finding inquires which would interfere with the State Court action. Specifically, this court would have to make factual determinations regarding the circumstances of the execution of the Releases. Smith & Nephew argue that the declaratory judgment relief sought here will necessarily define the contractual obligations between the parties and not interfere with the State Court proceedings.

In Nationwide, the Seventh Circuit vacated the district court's dismissal of the duty to defend issue regarding an insurance policy. Nationwide, 52 F.3d at 697. The court noted that an insurance company's duty to defend is determined primarily from the face of the underlying complaint against the insured. Id. at 693. The panel concluded that a court ordinarily will have no reason to inquire into the facts; rather a court could determine the duty to defend issue by simply deciding if the allegations establish an injury that the policy would cover. Id. at 694. However, when the underlying facts are in dispute, the district court should leave this factual dispute to the State Court. Id. Therefore, issues that require an excursion into fact-finding that would interfere with the State Court action should not be evaluated by a district court in a declaratory judgment action. Id. at 695.

In this case, the Andrews' State Court action alleges breach of a fiduciary duty, warranty, and consumer fraud. The underlying facts surrounding the dispute over whether the Releases are enforceable is necessarily related to these allegations. In order for this court to decide if declaratory relief is appropriate, an evaluation of the underlying facts is necessary to determine the validity of the Releases. Such an analysis would certainly interfere with the State Court proceeding.

When dealing "with matters of purely [State] law, the state court is the better forum in which to litigate." A.G. Edwards & Sons, Inc. v. Public Bldg. Com., 921 F.2d 118, 122 (7th Cir. 1990). Thus, since the question of whether the Releases are valid is solely governed by State law, Farm Credit Bank v. Whitlock, 581 N.E.2d 664, 667 (Ill. 1991), the federal court should not decide this issue. As a result, the court finds that this declaratory judgment action will result in duplicative and piecemeal litigation.

### 4. *Complete Relief is Available in State Court*

Finally, Smith & Nephew concede that it may obtain complete relief in the State Court action. Indeed, Smith & Nephew may raise its affirmative defense regarding the Releases and obtain complete relief from the State Court.

### D. Defendants' Motion to Dismiss is Granted

Under the factors set forth in Brillhart and Nationwide, the court finds that dismissal is appropriate in this case. In analyzing these factors, the court determines that (1) the scope of the state proceedings encompasses the issues raised in this federal case, (2) Smith and Nephew can raise the signed Settlement Agreements as affirmative defenses in the state case, (3) and there is nothing that would indicate that the parties in this federal case cannot have their claims satisfactorily adjudicated by a state court judge. See Brillhart, 316 U.S. at 495. Furthermore, while not all of the necessary parties have been joined in this federal action, they are amenable to process in the Illinois State Court. See id.

Additionally, in analyzing the Nationwide factors, the court determines that (1) the question presented in the federal and state cases are not distinct from one another, (2) the parties in the federal case are not identical, (3) the federal case is duplicitave of the state action, and (4) complete relief is available to all parties in the state court. See Brillhart, 316 U.S. at 495; Nationwide, 52 F.3d at 695. Therefore, even though the parties are not identical in the federal action, the fact that the remaining Brillhart and Nationwide factors are met convinces the court to dismiss this case.

### E. Motion to Dismiss under Rule 12(b)(7)

The Andrews' motion to dismiss under Rule 12(b)(7) for failure to join a necessary party under Rule 19 is denied as moot.

## III. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is granted, and the Motion for a Stay is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 3-7-07